UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE McDUEL,

        Plaintiff,

v.

PRECISION PROPERTY MANAGEMENT/
WEST MI RENTALS, and JAMIE SWAINSTON,

        Defendants.
_____/

Case No. 1:23-cv-777

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Stephanie McDuel. For the reasons set forth below, this complaint should be dismissed.

### I.  Discussion

*Pro se* plaintiff has filed a form "Complaint For A Civil Case" (ECF No. 1). The complaint's caption names the defendant as Precision Property Management/West MI Rentals, while the body of complaint names the defendant as Jamie Swainston. *See* Compl. at PageID.1-2. The Court has docketed this lawsuit as being filed against both defendants.

In identifying the basis for federal question jurisdiction, plaintiff lists the following "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case":

> 24 CFR § 982.310 -Owner termination of tenancy
> 24 CFR § 982.313 - Security deposit: Amounts owed by tenant
> 24 CFR § 982.453 - Owner breach of contract (a)(2)(b)
> 15 U.S. Code§ 1692f Unfair practice
> 15 U.S. Code§ 1611 - Criminal liability for willful and knowing violation
> 257.252k Towing or removing vehicle without owner's consent; notice; requirements. MCL 445.902(g)

*Id*. at PageID.3.¹

> The alleged wrongful conduct occurred over four years ago in June 2019:
>
> Breach of Contract and violation. On the date of 6/27/2019, my private personal vehicle was towed and impounded by Merls Towing company without my knowledge or consent, per request of Jamie Swainston of Precision Property Management. I was a tenant at the time. Along with the possession of my vehicle, I was wrongfully evicted which caused me major hardship and suffering. I was homeless and lost my MSHDA housing choice voucher. I also was not granded my security deposit back as requested.

*Id*. at PageID.4.  For her relief, plaintiff seeks two million dollars in damages:

> Along with the possession of my vehicle on 6/27/2019, ($13,071.44) I was wrongfully evicted on 8/31/2019 which caused me major hardship and suffering. My security deposit of $750 was not returned to me, so I am asking for double of that amount. I was homeless, renting hotel rooms for 2 months ($80 per night). I had to pay for storage which was $100 per month for 2 years. I ended up renting a room for $100 per week for 6 months. I am seeking damages for the cost of my vehicle and and [sic] the loss of my housing voucher in the amount $2,000,000.00.

*Id*.

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 2).  For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"  In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

---

¹ The Court can find no Michigan statute identified as M.C.L. § 445.902(g).  The Court notes that M.C.L. § 445.902 contains definitions under Michigan's Consumer Protection Act.  M.C.L. § 445.902(1)(g) defines the term "Trade or commerce".

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Here, plaintiff's complaint consists of a list of federal regulations, federal statutes, and a state statute. Plaintiff fails to allege sufficient factual matter to state a claim to relief under the cited regulations and statutes that is plausible on its face. Plaintiff's complaint consists of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *Id*. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated: July 28, 2023 /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).